IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEATT CORPORATION and<br>LEATT BRACE HOLDINGS (PTY) LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ALPINESTARS S.P.A. and<br>ALPINESTARS USA INC.,<br><br>Defendants. | Case No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Leatt Corporation and Leatt Brace Holdings (Pty) Ltd. (collectively "LEATT") hereby allege as follows:

**JURISDICTION AND VENUE**

1.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, Section 1 *et seq.*, including Section 271. This Court has subject matter jurisdiction over this action and LEATT's claims for patent infringement pursuant to Title 28 of the United States Code, Sections 1331 and 1338(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LEATT CORPORATION and
LEATT BRACE HOLDINGS (PTY) LTD.,

          Plaintiffs,

v.

ALPINESTARS S.P.A. and
ALPINESTARS USA INC.,

          Defendants.

Case No.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Leatt Corporation and Leatt Brace Holdings (Pty) Ltd. (collectively "LEATT") hereby allege as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, Section 1 *et seq.*, including Section 271. This Court has subject matter jurisdiction over this action and LEATT's claims for patent infringement pursuant to Title 28 of the United States Code, Sections 1331 and 1338(a).

2. By agreement of the parties, Defendants Alpinestars USA Inc. and Alpinestars S.p.A. (collectively "ALPINESTARS") have consented to, and agreed not to contest, personal jurisdiction and venue in the United States District Court for the Southern District of New York.

### PARTIES

3. Plaintiff Leatt Corporation ("LEATT USA") is a corporation organized and existing under the laws of the State of Nevada with a principal place of business at 5348 Vegas Drive, Office No. 775, Las Vegas, Nevada, 89108.

4. Plaintiff Leatt Brace Holdings (Pty) Ltd. ("BRACE HOLDINGS") is a corporation organized and existing under the laws of South Africa, with a principal place of business at Unit 1, Kyalami Plaza, Kyalami Drive, Killarney Gardens, Cape Town, Republic of South Africa, 7441.

5. On information and belief, Defendant Alpinestars S.p.A. is an Italian corporation with a principal place of business at Viale E. Fermi 5, 31011 Asolo (TV), Italy.

6. On information and belief, Defendant Alpinestars USA Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 2780 West 237th Street, Torrance, California 90505. On further information and belief, Defendant Alpinestars USA Inc. is a wholly-owned subsidiary of Defendant Alpinestars S.p.A. and the United States distributor of products made by Defendant Alpinestars S.p.A.

### FACTUAL BACKGROUND

7. On May 15, 2007, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. D542,919 S ("the '919 patent"), which is entitled "Neck Brace." The '919 patent claims "[t]he ornamental design for a neck brace, as shown and

described." Dr. Christopher J. Leatt is named as the inventor of the design claimed in the '919 patent. A true and correct copy of the '919 patent is attached hereto as Exhibit A.

8. Dr. Leatt has assigned all of his rights, title, and interest in and to the '919 patent to BRACE HOLDINGS. BRACE HOLDINGS has granted LEATT USA an exclusive license to make, have made, use, offer for sale, sell, and import the design claimed in the '919 patent.

9. LEATT is engaged in the business of designing, developing, manufacturing, and marketing protective equipment for motor sports such as motocross, motorcycling, all terrain vehicles, and snowmobiling. Such products include the Leatt-Brace®, which is a neck brace designed to provide protection against catastrophic neck injuries which may be sustained by riders engaging in these sports. LEATT USA is the global distributor of the Leatt-Brace®, which has received numerous accolades and awards including being named Product of the Year by Racer X magazine.

10. On information and belief, ALPINESTARS has had actual knowledge of the '919 patent since at least May 23, 2007. On information and belief, ALPINESTARS has imported into, and used in the United States, without authority, prototypes or samples of neck brace products, including at least the Bionic Neck Brace, that appropriate the design claimed in the '919 patent. In addition, on information and belief, ALPINESTARS has offered for sale and/or sold neck braces in the United States, including at least the Bionic Neck Brace, and, on information and belief, is preparing to ship commercial quantities of the Bionic Neck Brace into the United States. Photographs of six views of the Bionic Neck Brace are attached hereto as Exhibit B.

11. On information and belief, ALPINESTARS has provided prototypes or samples of the Bionic Neck Brace to well-known motocross riders in the United States, for their use in

competitive motocross events. On information and belief, ALPINESTARS has done so for the purpose of introducing the Bionic Neck Brace to the United States market and promoting sales of the Bionic Neck Brace to motocross riders in the United States.

12. ALPINESTARS is marketing and offering the Bionic Neck Brace for sale in direct competition with the Leatt-Brace®. Because consumers confuse the Bionic Neck Brace with the design claimed in the '919 patent and the Leatt-Brace®, ALPINESTARS' activities will injure the reputation of LEATT and the goodwill that LEATT has developed in the Leatt-Brace®.

## COUNT I

### DIRECT INFRINGEMENT OF THE '919 PATENT

13. LEATT re-alleges and incorporates herein the allegations of paragraphs 1-12 above. On information and belief, ALPINESTARS has directly infringed, and continues to directly infringe, the '919 patent by using, offering for sale, and/or selling in the United States, and importing into the United States, without authority from LEATT, neck braces, including at least the Bionic Neck Brace, that infringe the '919 patent, in violation of Title 35 of the United States Code, Section 271(a).

## COUNT II

### CONTRIBUTORY INFRINGEMENT OF THE '919 PATENT

14. LEATT re-alleges and incorporates herein the allegations of paragraphs 1-13 above. On information and belief, ALPINESTARS has used, offered for sale, and/or sold in the United States, and imported into the United States, components of neck braces, including at least components of the Bionic Neck Brace that, when assembled by users and/or others, constitute a direct infringement of the '919 patent. On information and belief, ALPINESTARS has had

actual knowledge of the '919 patent since at least May 23, 2007. On information and belief, ALPINESTARS' importation into and/or sales in the United States, without authority from LEATT, of components of the Bionic Neck Brace, has contributed to, and continues to contribute to, direct infringement of the '919 patent by users of those neck braces, in violation of Title 35 of the United States Code, Section 271(c). On information and belief, ALPINESTARS has engaged in these activities and continues to do so, knowing that said components (1) are a material part of the design claimed in the '919 patent, (2) are especially made or adapted for use in a direct infringement of the '919 patent, and (3) are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

## COUNT III

### INDUCEMENT OF INFRINGEMENT OF THE '919 PATENT

15. LEATT re-alleges and incorporates herein the allegations of paragraphs 1-14 above.

16. On information and belief, ALPINESTARS has had actual knowledge of the '919 patent since at least May 23, 2007. On information and belief, ALPINESTARS knew or should have known that its provision of prototypes or samples of the Bionic Neck Brace to motocross riders, and its publication of pictures and information illustrating the use of its infringing neck braces, would induce direct infringement of the '919 patent. On information and belief, ALPINESTARS has thereby infringed and continues to infringe the '919 patent in violation of Title 35 of the United States Code, Section 271(b), by knowingly and actively inducing others in the United States to use the Bionic Neck Brace, which embodies the design claimed in the '919 patent.

**INJURY**

17.  LEATT re-alleges and incorporates herein the allegations of paragraph 1-16 above. As a result of ALPINESTARS' acts of infringement complained of herein, LEATT has suffered economic and non-economic injury and damages to its business and property, in an amount not yet determined, and LEATT will continue to be injured by such acts in the future.

18.  LEATT re-alleges and incorporates herein the allegations of paragraphs 1-17 above. As a result of ALPINESTARS' clear acts of infringement of the '919 patent, and the fact that the '919 patent claims a revolutionary design for neck braces, LEATT is likely to succeed on the merits of its claims against ALPINESTARS. Moreover, LEATT will suffer irreparable harm to its business and property, including its goodwill and reputation, from ALPINESTARS' importations and sales of the Bionic Neck Brace, which consumers confuse with the design claimed in the '919 patent and the Leatt-Brace®. This harm cannot be adequately compensated by an award of monetary damages, and LEATT will continue to suffer such irreparable harm from ALPINESTARS' acts of infringement in the future. The balance of hardships between LEATT and ALPINESTARS warrants entry of preliminary and permanent injunctive relief as sought hereinbelow, and the public interest would be served by entry of preliminary and permanent injunctive relief in LEATT's favor.

19.  On information and belief, ALPINESTARS will continue to infringe the '919 patent unless enjoined by order of this Court.

**WILLFULNESS**

20.  LEATT re-alleges and incorporates herein the allegations of paragraphs 1-19 above. On information and belief, since May 23, 2007, ALPINESTARS has had knowledge of

the '919 patent, and knew, or should have known, that ALPINESTARS' use, offers for sale, and/or sales in, and importations into, the United States, of the accused Bionic Neck Brace, as described in paragraph 13 above, directly infringes the '919 patent, that ALPINESTARS' offer for sale or sale in, and/or importation into, the United States, of components used to assemble the accused Bionic Neck Brace, as described in paragraph 14 above, contributorily infringes the '919 patent, and that ALPINESTARS' publication of information describing and promoting the use of its Bionic Neck Brace, as described in paragraph 16 above, actively induces infringement of the '919 patent. ALPINESTARS' infringement of the '919 patent has been and continues to be, deliberate and willful.

## PRAYER FOR RELIEF

WHEREFORE, LEATT respectfully requests:

(a) A judgment by the Court in favor of LEATT and against ALPINESTARS, finding, declaring, and adjudging the '919 patent to be infringed by ALPINESTARS, not invalid, and enforceable;

(b) A preliminary injunction under 35 U.S.C. § 283, enjoining ALPINESTARS and its officers, agents, employees, servants, and all those acting in concert with them, during the pendency of this action, from any and all acts of infringement of the '919 patent, including, but not limited to: (1) manufacture, use, offer for sale, or sale in, or importation into, the United States of neck braces that infringe the '919 patent; (2) manufacture, use, offer for sale, or sale in, or importation into, the United States of components of neck braces that are especially made and especially adapted for use in the invention claimed in the '919 patent, and that, when assembled into a neck brace, directly infringe the design claimed in the

'919 patent; and (3) publication of information illustrating the use of neck braces and components of such neck braces in a manner that induces direct infringement of the '919 patent;

(c)     A permanent injunction under 35 U.S.C. § 283 permanently enjoining ALPINESTARS and its officers, agents, employees, servants, and all those acting in concert with them, from any and all acts of infringement of the '919 patent, including, but not limited to: (1) manufacture, use, offer for sale, or sale in, or importation into, the United States of neck braces that infringe the '919 patent; (2) manufacture, use, offer for sale, or sale in, or importation into, the United States of components of neck braces that are especially made and especially adapted for use in the invention claimed in the '919 patent, and that, when assembled into a neck brace, directly infringe the design claimed in the '919 patent; and (3) publication of information illustrating the use of neck braces and components of such neck braces in a manner that induces direct infringement of the '919 patent;

(d)     An accounting and award of damages under 35 U.S.C. §§ 284 or 289 adequate to compensate LEATT for ALPINESTARS' infringement of the '919 patent, including LEATT's lost profits or ALPINESTARS' profits, whichever is greater, and/or in no event less than a reasonable royalty, together with prejudgment interest and costs as fixed by the Court;

(e)     A judgment by the Court that ALPINESTARS' infringement of the '919 patent has been deliberate and willful and for a trebling of the damages found or assessed as a result of ALPINESTARS' infringement of that patent;

(f)     A judgment by the Court that this case is exceptional and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(g)     An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

LEATT respectfully requests a trial by jury of any and all issues triable of right by a jury in this action.

Dated: August 22, 2008
       New York, New York

Respectfully submitted,

*/s/ Catherine Nyarady*
Catherine Nyarady
Danielle A. Phillip
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.:  (212) 373-3000
Fax:  (212) 757-3990
cnyarady@paulweiss.com
dphillip@paulweiss.com

-and-

Of Counsel:

Stephen L. Sulzer
James P. Calve
**CONNOLLY BOVE LODGE & HUTZ LLP**
1875 Eye Street, N.W., Suite 1100
Washington, D.C.  20006
Tel.:  (202) 331-7111
Fax:  (202) 293-6229
ssulzer@cblh.com
jcalve@cblh.com

*Attorneys for Plaintiffs LEATT CORORATION
and LEATT BRACE HOLDINGS (PTY) LTD.*

US00D542919S

## (12) United States Design Patent
### Leatt

(10) Patent No.: **US D542,919 S**
(45) Date of Patent: ⁎⁎ **May 15, 2007**

(54) **NECK BRACE**

(76) Inventor: Christopher James Leatt, 4 De Cock Avenue, Constantia 7800 (ZA)

(⁎⁎) Term: **14 Years**

(21) Appl. No.: 29/225,477

(22) Filed: **Mar. 17, 2005**

(30) **Foreign Application Priority Data**

Sep. 17, 2004  (ZA) ................................ F2004/1239

(51) **LOC (8) Cl.** .................................................... **24-01**
(52) **U.S. Cl.** .................................................... **D24/191**
(58) **Field of Classification Search** ........ D24/109–192;
602/16, 22–3, 26–9, 65, 5–6; 606/241; 601/39;
128/DIG. 23
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 2,474,200 | A | * | 6/1949 | McBee | 602/18 |
| 2,828,736 | A | * | 4/1958 | Monfardini | 602/18 |
| D198,069 | S | * | 4/1964 | Connelly | D24/191 |
| D203,018 | S | * | 11/1965 | Helferich | D24/191 |
| 3,306,284 | A | * | 2/1967 | McKinley | 602/18 |
| 3,313,297 | A | * | 4/1967 | Applegate et al. | 602/18 |
| 3,364,926 | A | * | 1/1968 | Alderson | 602/18 |
| D278,747 | S | * | 5/1985 | Peach, Jr | D24/191 |
| 4,708,129 | A | * | 11/1987 | Pujals, Jr. | 602/18 |
| 4,827,915 | A | * | 5/1989 | Gorsen | 602/18 |
| 5,230,698 | A | * | 7/1993 | Garth | 602/18 |
| D365,398 | S | * | 12/1995 | Maynard | D24/191 |
| RE35,290 | E | * | 7/1996 | Druskoczi | 602/18 |
| D422,710 | S | * | 4/2000 | Maynard | D24/190 |
| RE36,745 | E | * | 6/2000 | Rudy et al. | 602/18 |
| 6,423,020 | B1 | * | 7/2002 | Koledin | 602/18 |

* cited by examiner

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Susan E. Krakower
(74) *Attorney, Agent, or Firm*—Bingham McCutchen LLP

(57) **CLAIM**

The ornamental design for a neck brace, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevation view of a neck brace of my new design;
FIG. 2 is a pictorial view of the neck brace of FIG. 1;
FIG. 3 is a rear elevation view of the neck brace of FIG. 1;
FIG. 4 is a side elevation view of the neck brace of FIG. 1;
FIG. 5 is a top plan view of the neck brace of FIG. 1; and,
FIG. 6 is an underneath plan view of the neck brace of FIG. 1.

**1 Claim, 3 Drawing Sheets**







**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**











